```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

YVONNE WILLIAMS                      :     CIVIL ACTION
                                     :
         v.                          :
                                     :
                                     :
CITY OF PHILADELPHIA, et al.         :     NO. 09-2713
```

**MEMORANDUM**

Fullam, Sr. J.                                          July 30, 2009

       The plaintiff has sued the City of Philadelphia, David Preski, who is the director of Pre-Trial Services for the First Judicial District of Pennsylvania, and three "pre-trial investigators", alleging that her constitutional rights were violated when the investigators came to her home in search of her son, for whom a bench warrant had been issued.  The City and Mr. Preski have moved to dismiss two counts of the Complaint.

       Count 2 of the Complaint alleges that the City is liable under 42 U.S.C. § 1983 because the investigators are supervised and directed by the Philadelphia District Attorney's Office and the Philadelphia Police Department, even though it appears they are employed by the First Judicial District, which all parties agree is an agency of the Commonwealth, not amenable to suit in these circumstances.  The City argues that it cannot be sued for the actions of employees of the First Judicial District when the First Judicial District itself is immune from suit.  The plaintiff has alleged, however, that the investigators

were in fact acting as agents of the City, which may be sued under § 1983. This issue cannot be resolved in the context of a motion to dismiss.

The City and Mr. Preski also have moved to dismiss Count 3 of the Complaint, which seeks injunctive or declaratory relief in the form of an order from the Court that other people should not face the same treatment to which the plaintiff allegedly was subjected.  Whether such relief is appropriate is not presently at issue; the City and Mr. Preski argue only that they are immune from suit.  But the City has no Eleventh Amendment immunity, and a plaintiff may seek prospective or injunctive relief from a state official defendant.  <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58,  71 n. 10 (1989) ("[A] state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." (internal citations omitted)).

An appropriate order will be entered.

                              BY THE COURT:


                              /s/ John P. Fullam
                              Fullam,          Sr. J.