```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

YVONNE WILLIAMS                   :    CIVIL ACTION
                                  :
         v.                       :
                                  :
CITY OF PHILADELPHIA, et al.      :    NO. 09-cv-02713-JF

MEMORANDUM

Fullam, Sr. J.                                    April 6, 2011

      Plaintiff's adult son was charged with a misdemeanor in the Municipal Court of Philadelphia. He failed to appear as directed, and a bench warrant was duly issued for his arrest.

      Plaintiff brought this action against the City of Philadelphia and the officers charged with serving the arrest warrant, asserting that they entered her home without permission and committed other violations of her constitutional rights. The case was tried before a jury, which rendered a verdict in favor of the defendants. Plaintiff has now filed various post-trial motions.

      At trial, and in the pending post-trial motions and responses thereto, everyone agreed that the arrest warrant gave the officers the legal right to enter the plaintiff's home if, but only if, (1) that was the residence of her son, and (2) the officers had reason to believe that he was inside the home. Payton v. New York, 445 U.S. 573, 603 (1980); United States v. Agnew, 407 F.3d 193, 196 (3d Cir. 2005).

The evidence at trial clearly warranted the jury in concluding that both of these requirements had been met. Plaintiff's residence was, indeed, the home of her son. And, although some of the officers believed that they had the right to enter the house regardless of whether the son was likely to be present, there was evidence which did, indeed, justify a reasonable belief on the part of the officers that the son may very well have been present in the house. (The officers were kept waiting 5 or 10 minutes before plaintiff came to the door in response to their knocking. And some of the officers saw someone other than the plaintiff herself appear at an upstairs window.) Moreover, it was argued to the jury that plaintiff had actually consented to the officers' entering the house (She opened the door for them, and did not protest their entrance.).

All in all, the jury's verdict exonerating the defendants finds adequate support in the record. Plaintiff's motions for judgment as a matter of law and/or for a new trial must therefore be denied.

Plaintiff further argues that a reasonable interpretation of the trial evidence leads to the conclusion that officers charged with serving arrest warrants in Philadelphia are inadequately trained, as demonstrated by the apparent belief on the part of some of the officers in this case that the arrest warrant itself was all they needed to justify their entry into

the plaintiff's residence.  Plaintiff therefore argues that this Court should now enter an injunction requiring the City of Philadelphia to provide better training for their officers.  Regardless of the merits of these arguments, I am satisfied that it would be inappropriate for this Court to enter the injunction sought, given the jury's verdict – if for no other reason than plaintiff's lack of standing to seek such relief.  Plaintiff's constitutional rights were not violated.  Federal courts do not have any general supervisory power over the City of Philadelphia and its police department.  Plaintiff's request for injunctive relief will therefore also be denied.

An Order follows.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.